# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARY ANN LAY,
    Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:13-cv-608

Litkovitz, M.J.

**OPINION AND ORDER**

Plaintiff Mary Ann Lay brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for Disabled Widow's Benefits (DWB) under Title II of the Social Security Act. 42 U.S.C. § 402(e).[1] This matter is before the Court on plaintiff's Statement of Errors (Doc. 4), the Commissioner's response in opposition (Doc. 9), and plaintiff's reply memorandum (Doc. 10).

## I. Procedural Background

This case has an unusual procedural background. Plaintiff filed an application for supplemental security income (SSI) disability benefits in January 1998, alleging disability since March 1, 1988, due to pain and lower back weakness. (Tr. 32). Administrative Law Judge Gilbert A. Sheard issued a decision in June 1999 and determined that plaintiff was disabled as of January 6, 1998, because plaintiff had a residual functional capacity for less than sedentary work. (Tr. 32-35).

Plaintiff subsequently filed a DWB application in October 2003 following her husband's

---

[1]Plaintiff's prescribed period for DWB began on October 27, 2002, the date of her husband's death, and ended on October 31, 2009, seven years later. (Tr. 20). *See* 20 C.F.R. § 404.335(c). Thus, plaintiff needed to establish she became disabled before October 31, 2009 – seven years after her husband's death. *See* 20 C.F.R. § 404.335(c) (a widow who has not remarried is entitled to benefits provided she meets the age requirements and became disabled within seven years of her spouse's death).

death on October 27, 2002 (Tr. 68-72). This claim was never processed by the Commissioner.[2]

Plaintiff filed a second DWB claim on February 28, 2007, alleging disability since March 8, 1988. (Tr. 83-87). In August 2007, plaintiff's application was granted with a disability onset date of May 15, 2006. (Tr. 39). This date was different from the onset date alleged by plaintiff in her application.

Plaintiff, through counsel, requested reconsideration of the onset date of disability found initially by the Social Security Administration. Plaintiff sought an earlier onset date of October 28, 2002, the day after her husband died, based on ALJ Sheard's previous finding of disability and her previous 2003 DWB application. (Tr. 44). Plaintiff also requested a reopening of any decision that may have been made on the prior 2003 DWB application, noting that plaintiff never received notification of a decision on this application. (Tr. 44).

Plaintiff's request for reconsideration was denied and plaintiff, through counsel, requested and was granted a *de novo* hearing before ALJ Gregory Kenyon. (Tr. 57). Prior to the hearing, counsel again reiterated his request that the 2003 DWB application be reopened and that plaintiff be found under a disability since October 2002. (Tr. 68). Plaintiff attached a copy of the 2003 application receipt dated October 15, 2003. (Tr. 70).

Plaintiff, plaintiff's daughter, and a vocational expert (VE) appeared and testified at the

---

[2]The Commissioner appears to dispute plaintiff's representation that she filed an application for DWB in 2003, citing to plaintiff's statement in her February 2007 application that "no previous application has been filed with the Social Security Administration *by or for the deceased.*" *See* Doc. 9 at 1, n.1 (citing Tr. 83) (emphasis added). This statement does not support the Commissioner's assertion because it references an application filed by or on behalf of plaintiff's husband, not plaintiff herself. In fact, the following page of the application affirmatively states that *plaintiff* had in fact filed a previous application: "A previous application has been filed with the Social Security Administration *by or for me.*" (Tr. 84) (emphasis added). In any event, the record includes a Social Security Administration form entitled "RECEIPT FOR YOUR CLAIM FOR SOCIAL SECURITY WIDOW'S OR WIDOWER'S INSURANCE BENEFITS" dated October 15, 2003 (Tr. 70), evidencing plaintiff's 2003 application for DWB.

2

ALJ hearing. ALJ Kenyon acknowledged that there was a prior application from October 2003, that plaintiff sought to reopen that application, and that the issue before the ALJ was the onset date of disability. (Tr. 616-17). At the hearing, plaintiff explicitly requested an onset date of October 27, 2002, the date of her husband's death. (Tr. 617). Counsel for plaintiff reiterated the history of plaintiff's disability applications, starting with the 1999 finding of SSI disability by ALJ Sheard; plaintiff's first application for DWB, filed within one year of her husband's death; and plaintiff's second application for DWB, under which she was found disabled as of May 15, 2006, when she was two months shy of her 55th birthday. (Tr. 618). Plaintiff was sixty years old at the time of the ALJ hearing. (Tr. 619). During his questioning of plaintiff, ALJ Kenyon repeatedly advised plaintiff that he was interested in the state of her health and her impairments before she turned 55 years of age, and specifically around the time her husband died in October 2002. (Tr. 621, 622, 633, 636, 638, 645). On January 26, 2012, the ALJ issued a decision finding that plaintiff was entitled to DWB as of July 15, 2006, the date she turned 55 years of age, but not before. Plaintiff appealed ALJ Kenyon's finding that she was not entitled to DWB as of the date of her husband's death - October 27, 2002. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A);

3

20 C.F.R. § 404.1505(a).   The impairment must render the claimant unable to engage in the

work previously performed or in any other substantial gainful employment that exists in the

national economy.   42 U.S.C. § 423(d)(2) (A); 20 C.F.R. § 404.1505(a).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation

process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

> 5) If the claimant can make an adjustment to other work, the claimant is not disabled.   If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a)(4)(i)-

(v), 404.1520(b)-(g)).   The claimant has the burden of proof at the first four steps of the

sequential evaluation process.   *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir.

2004).   Once the claimant establishes a prima facie case by showing an inability to perform the

relevant previous employment, the burden shifts to the Commissioner to show that the claimant

can perform other substantial gainful employment and that such employment exists in the

national economy.   *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.

1999).

4

B.    The Administrative Law Judge's Findings

Curiously, and in contrast to what occurred at the ALJ hearing, the ALJ's decision fails to

acknowledge plaintiff's previous 2003 DWB application, plaintiff's request for reopening of that

application, the favorable decision plaintiff received on her 2007 DWB application, and

plaintiff's amended alleged onset date of October 27, 2002.   Instead, the ALJ incorrectly stated

that plaintiff's 2007 DWB application was denied initially and upon reconsideration, and that

plaintiff was alleging disability beginning March 8, 1988.   (Tr. 18).

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

> 1. It was previously found that the [plaintiff] is the unmarried widow of the deceased worker and has attained the age of 50.   The [plaintiff] met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.
>
> 2. The prescribed period ended on October 31, 2009.
>
> 3. The [plaintiff] has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*)
>
> 4. Since the alleged onset date of disability, March 8, 1988, the [plaintiff] has had the following impairments: lumbosacral degenerative disc disease, carpal tunnel syndrome, chronic obstructive pulmonary disease, a history of cataract surgery, depression, and anxiety (20 CFR 404.1520(c)).
>
> 5. Since the alleged onset date of disability, March 8, 1988, the [plaintiff] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 6. After careful consideration of the entire record, the undersigned finds that since March 8, 1988, the [plaintiff] has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: she can occasionally crouch, crawl, kneel, stoop, balance, and climb ramps and stairs. She can never climb ladders, ropes, and scaffolds.   She can frequently use her hands for handling and fingering.   She can have no concentrated exposure to temperature extremes for respiratory irritants.   She can never drive automotive

5

equipment. Mentally, the [plaintiff] is limited to performing unskilled, simple, repetitive tasks, occasional contact with coworkers and supervisors, and no contact with the general public. She cannot perform rapid production pace work and she is limited to jobs involving very little, if any, change in the job duties or work setting from one day to the next.

7. Since March 8, 1988, the [plaintiff] has been unable to perform any past relevant work (20 CFR 404.1565).

8. Prior to the established disability onset date, the [plaintiff] was a younger individual age 18-49. On July 15, 2006, the [plaintiff]'s age category changed to an individual of advanced age (20 CFR 404.1563).

9. The [plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

10. Transferability of job skills is not an issue in this case because the [plaintiff]'s past relevant work is unskilled (20 CFR 404.1568).

11. Prior to July 15, 2006, the date the [plaintiff]'s age category changed, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the [plaintiff] could have performed (20 CFR 404.1569 and 404.1569a).

12. Beginning on July 15, 2006, the date the [plaintiff]'s age category changed, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the [plaintiff] could perform (20 CFR 404.1560(c) and 404.1566).

13. The [plaintiff] was not disabled prior to July 15, 2006, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g)).

(Tr. 20-27).

## C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v.*

6

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

**D. Specific Errors**

On appeal, plaintiff argues that: (1) the ALJ erred by not adopting and/or addressing the prior ALJ's residual functional capacity (RFC); (2) the ALJ erred in weighing the medical

opinions of record; (3) the ALJ erred in assessing plaintiff's credibility; and (4) the ALJ erred at

Step Five of the sequential analysis by presenting improper hypothetical questions to the VE.

    1. <u>The ALJ erred by not adopting the prior RFC finding</u>.

    Plaintiff argues that this matter should be reversed and remanded for an award of benefits

with an onset date of October 27, 2002 because the ALJ was bound by ALJ Sheard's 1999

determination that plaintiff was limited to less than sedentary work due to her low back

condition.  (Doc. 4 at 9-10, 11).  Plaintiff contends that the ALJ's failure to adopt or even

acknowledge ALJ Sheard's earlier RFC finding contravenes the Sixth Circuit's holding in

*Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), that the principle of *res*

*judicata* applies to Social Security Administration decisions and findings issued by an ALJ as

part of a prior disability determination are binding on an ALJ in a subsequent proceeding absent

changed circumstances.  *See id*. at 842-43.  Plaintiff thus maintains that ALJ Kenyon was bound

by ALJ Sheard's 1999 finding and she is therefore entitled to an award of DWB as of the date of

her late husband's death.

    The Commissioner argues in opposition that ALJ Kenyon was not bound to ALJ Sheard's

finding under *Drummond*.  The Commissioner asserts that *Drummond* does not apply because,

as explained by Acquiescence Ruling 98-4(6), 1998 WL 283902 (1998), "a subsequent ALJ is

bound by the findings of a previous ALJ, only where: (1) the disability claims arise under the

same title of the [Social Security] Act, and (2) there is no new and additional evidence or

changed circumstances." (Doc. 9 at 7-8).  The Commissioner notes that plaintiff's prior SSI

claim was raised under Title XVI of the Social Security Act, while plaintiff's DWB claim arises

under Title II of the Act.  Because plaintiff's claims do not arise under the same title of the Act,

the Commissioner contends ALJ Kenyon was not bound by ALJ Sheard's prior determinations under *Drummond*.

Additionally, the Commissioner contends that *Drummond* does not apply because new and material evidence establishes that plaintiff's physical RFC changed since ALJ Sheard's decision. (Doc. 9 at 8). The Commissioner explains that non-examining state agency physician Myung Cho, M.D., reviewed the file on May 31, 2007, and did not adopt ALJ Sheard's prior RFC because updated record evidence, specifically, a May 10, 2007 consultative examination with Jennifer Wischer Bailey, M.D., did not support ALJ Sheard's RFC determination. (*Id.*, citing Tr. 271). Dr. Cho noted that recent objective CT and x-ray evidence of plaintiff's back "shows spondylolisthesis on L5-S1, narrowing of L4-L5, and past fusion of L4-L5-S1. On exam, [plaintiff] only had mild to mod[erate] limitation in [range of motion] in the [lumbar] spine. Neuro is completely intact and [plaintiff] denied any radiation into [lower extremities]. She ambulates [with] a normal gait, [without] ambulatory aids and was comfortable in sitting and standing positions." (Tr. 271, citing Tr. 262-63). The Commissioner contends that "as described by both the ALJ and Dr. Cho," this new and material evidence justifies ALJ Kenyon's departure from ALJ Sheard's prior findings.

Principles of administrative *res judicata* apply to administrative decisions concerning a claimant's eligibility for social security benefits. *Drummond*, 126 F.3d at 841; Acquiescence Ruling 98-4(6). Social Security plaintiffs and the Commissioner alike are barred from relitigating issues that have previously been determined. *Drummond,* 126 F.3d at 842. Absent evidence that a plaintiff's condition has changed, findings issued by an ALJ in a prior disability determination are binding on an ALJ in a subsequent proceeding. *Id.* at 842-43. The

Commissioner has recognized the binding effect of findings made in a prior adjudication on

subsequent adjudicators:

> When adjudicating a subsequent disability claim with an unadjudicated period
> arising under the same title of the Act as the prior claim, adjudicators must adopt
> such a finding from the final decision by an ALJ or the Appeals Council on the
> prior claim in determining whether the claimant is disabled with respect to the
> unadjudicated period unless there is new and material evidence relating to such a
> finding or there has been a change in the law. . . .

Acquiescence Ruling 98-4(6). The Commissioner bears the burden to prove changed

circumstances so as to not be bound by the principles of *res judicata*. *Drummond*, 126 F.3d at

842-83.

Here, ALJ Sheard determined in 1999 that plaintiff retained the RFC to do less than

sedentary work and was therefore disabled and entitled to SSI benefits. *See* Tr. 34. In assessing

the instant DWB claim, ALJ Kenyon departed from ALJ Sheard's finding and determined that

plaintiff retained the RFC to do a limited range of light work. Though ALJ Kenyon was aware

of the prior disability finding, *see* Tr. 68, 618, there was no mention of it in his decision denying

plaintiff's DWB claim prior to July 15, 2006. By not analyzing the prior disability

determination as required by *Drummond*, the Commissioner has failed to meet her burden of

showing changed circumstances such that ALJ Kenyon is not bound by ALJ Sheard's previous

RFC finding. *See Drummond*, 126 F.3d at 842-43. The ALJ's failure to discuss the prior

administrative finding of disability and apply the correct legal standard under *Drummond* is

reversible error. *See Harris v. Comm'r of Soc. Sec.,* Case No. 3:09-cv-260, 2010 WL 3909495

(S.D. Ohio May 21, 2010) (Report and Recommendation), *adopted*, 2010 WL 3909493 (S.D.

Ohio Sept. 29, 2010).

Moreover, the Court is not persuaded by the Commissioner's assertion that *Drummond*

does not apply here because Acquiescence Ruling 98-4(6) applies only where disability claims arise under the same title of the Act. Numerous district courts within the Sixth Circuit have rejected this proposition. *See McClain v. Comm'r of Soc. Sec.*, No. 12-11172, 2013 WL 5182089, at * 11 (E.D. Mich. Sept. 13, 2013) (finding that the principles of *Drummond* apply to both Title II DWB and Title XVI SSI disability claims); *Miller v. Astrue*, No. 3:11-cv-133, 2012 WL 220234, at *2-3 (S.D. Ohio Jan. 25, 2012) (Report and Recommendation), *adopted*, 2012 WL 4504545 (S.D. Ohio Sept. 28, 2012) (holding that the *res judicata* principles enunciated in *Drummond* apply to initial determinations made at the administrative level, not only to prior ALJ findings); *Kaufman v. Astrue*, No. 3:10-cv-1067, 2011 WL 3862350, at *4-5 (N.D. Ohio Aug. 22, 2011) (Report and Recommendation), *adopted*, 2011 WL 3862345 (N.D. Ohio Aug. 31, 2011) (holding that *Drummond* and Acquiescence Ruling 98-4(6)'s *res judicata* principles applied despite the fact that two claims at issue were raised under different titles of the Act); *Harris v. Astrue*, No. 3:09-cv-260, 2010 WL 3909495, at *5-6 (S.D. Ohio May 21, 2010) (Report and Recommendation), *adopted*, 2010 WL 3909493 (Sept. 29, 2010) (ALJ was subject to the doctrine of administrative *res judicata* even if prior administrative decision was not made by an ALJ because the agency's finding was a final decision regarding the claimant's entitlement to disability benefits). As noted by the *Kaufman* court, Acquiescence Ruling 98-4(6) recognizes that "[a]lthough *Drummond* was a title II case, similar principles also apply to title XVI. Therefore this Ruling extends to both title II and title XVI disability claims." *Kaufman*, 2011 WL 3862350, at *5. The *Kaufman* court therefore applied *Drummond*'s *res judicata* requirement even though the claims in that case arose under Titles II and XVI, respectively, "[b]ecause the determination is identical under both titles. . . ." *Id.* The undersigned agrees

11

with the *Kaufman* rationale and finds that ALJ Sheard's 1999 disability determination under Title XVI was binding on ALJ Kenyon in assessing plaintiff's Title II claim. "[T]his is the only reasonable and logical result. Otherwise, the principles of *res judicata* and collateral estoppel are essentially gutted and meaningless." *McClain*, 2013 WL 5182089, at *11.

The Court also rejects the Commissioner's assertion that ALJ Kenyon was not bound by the prior SSI decision because "there were new and material changes from [p]laintiff's earlier RFC." (Doc. 9 at 8). The "new and material" evidence cited by the Commissioner is the May 2007 opinion of non-examining state agency physician, Dr. Cho. Dr. Cho stated she did not adopt ALJ Sheard's prior RFC for less than sedentary work because "the new file does have new and material changes [and] the current exam does not support a less than sedentary RFC."[3] (Tr. 271). The "current exam" Dr. Cho relied on is the May 10, 2007 consultative examination performed by Dr. Bailey. Based on the findings from this examination, Dr. Cho concluded plaintiff was capable of performing restricted light work. *See* Tr. 261-64, 271-77. Dr. Cho and Dr. Bailey's opinions speak only to plaintiff's functional abilities as of the "current exam" on May 10, 2007. They do not address plaintiff's functioning between October 27, 2002, the alleged onset date, and July 15, 2006, the date ALJ Kenyon determined that plaintiff was disabled—nearly one year before plaintiff's consultative examination. The physical examination findings from May 2007, upon which Dr. Cho relied, are not relevant to plaintiff's pre-July 15, 2006 condition. The May 10, 2007 examine does not constitute substantial

---

[3]The Commissioner infers that like Dr. Cho, ALJ Kenyon determined there were new and material changes from plaintiff's 1999 RFC. *See* Doc. 9 at 8 ("as described by both [ALJ Kenyon] and Dr. Cho, there were new and material changes from [p]laintiff's earlier RFC."). The Court notes that while ALJ Kenyon discussed Dr. Cho and Dr. Bailey's findings (Tr. 23-25), he did not describe this as new and material evidence and his decision makes no mention of ALJ Sheard's findings, which is its fatal flaw.

evidence that plaintiff's condition improved between October 27, 2002 and July 15, 2006, as that

exam post-dates the alleged onset date by almost 5 years.    The Commissioner has cited to no

other evidence showing a change in plaintiff's condition between these two dates.    Because the

Commissioner has failed to introduce substantial evidence showing that plaintiff's condition

changed between ALJ's Sheard's 1999 finding of disability and ALJ Kenyon's July 15, 2006

finding of disability, ALJ Kenyon was bound by ALJ Sheard's determination that plaintiff

retained the RFC for less than sedentary work for the relevant time period.    *Drummond*, 126

F.3d at 843.

      For these reasons, the undersigned finds that ALJ Kenyon erred as a matter of law when

he failed to acknowledge or address the prior finding of disability and failed to present

substantial evidence of a change in plaintiff's condition between October 27, 2002 and July 15,

2006.    Therefore, the ALJ's decision must be reversed.

**III.  ALJ Kenyon effectively reopened the 2003 DWB application**

      The ALJ may constructively reopen a prior determination by his statements and conduct.

*Crady v. Sec'y of H.H.S.*, 835 F.2d 617, 620 (6th Cir. 1987); *Wilson v. Califano*, 580 F.2d 208,

212 (6th Cir. 1978).    Where an ALJ analyzes a medical condition through "a period to which no

benefits could have been rewarded absent a reopening" and the "opinion makes no reference to

the prior adverse determinations, [and] does not refer to *res judicata* . . . [i]t appears obvious that

the ALJ reopened the prior application, as he may do even though there is no express statement

that he has done so."  *Crady*, 835 F.2d at 620.  *See also Gabbard v. Comm'r of Soc. Sec.*, No.

3:11-cv-426, 2012 WL 5378747, *1 n.1 (S.D. Ohio Oct. 30, 2012) (Black, J.) (prior applications

alleging same onset date as application under review were *de facto* reopened because entire

period back to alleged onset date was adjudicated without invocation of *res judicata*). At the

ALJ hearing in the instant case, ALJ Kenyon acknowledged the prior application from October

2003 and that plaintiff sought to reopen that application with an onset date of October 27, 2002,

the date of her husband's death. (Tr. 616-17). The ALJ also recognized that the issue before

him was the onset date of disability. (Tr. 616). By questioning plaintiff about her condition as

it existed at the time of her husband's death and prior to her 55th birthday (Tr. 621, 622, 633,

636, 638, 645) and by analyzing medical evidence dating back to 1997 (Tr. at 14), ALJ Kenyon

implicitly reopened plaintiff's 2003 application as requested at the hearing. *Crady*, 835 F.2d at

620. "When a previous application is reopened, benefits may be awarded retroactively based on

the date of the original application." *Id.*

**IV. This matter is reversed and remanded for an award of benefits.**

When the non-disability determination is not supported by substantial evidence, the Court

must decide whether to reverse and remand the matter for rehearing or to reverse and order

benefits granted. The Court has authority to affirm, modify or reverse the Commissioner's

decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan*

*v. Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have

been resolved and the record adequately establishes a plaintiff's entitlement to benefits."

*Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d

918, 927 (6th Cir. 1990); *Varley v. Sec. of H.H.S.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court

may award benefits where the proof of disability is strong and opposing evidence is lacking in

substance, so that remand would merely involve the presentation of cumulative evidence, or

where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Such is the case here.

Here, proof of disability is overwhelming and remand will serve no purpose other than delay. As discussed above, plaintiff was found to have an RFC for less than sedentary work and was therefore deemed to be disabled by ALJ Sheard in 1999. ALJ Kenyon was bound by this determination by the principles of *res judicata* as enunciated in *Drummond*. Neither ALJ Kenyon nor the Commissioner has cited to any substantial evidence to meet the Commissioner's burden to prove a change in plaintiff's functional capabilities to escape being bound by ALJ Sheard's prior determination that plaintiff was disabled during the relevant time period. The Court therefore **REVERSES** the ALJ's non-disability finding and **REMANDS** this matter for an immediate award of Disabled Widow's Benefits for a closed period of October 27, 2002 through July 15, 2006.[4] This matter is hereby **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED.**

Date: _8/19/14_

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge

---

[4] In light of the determination that plaintiff is entitled to an immediate award of benefits, the Court declines to address the additional assignments of error.