UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY ANN LAY,
   Plaintiff

vs.

COMMISSIONER OF
SOCIAL SECURITY,
   Defendant.

Case No. 1:13-cv-608

Litkovitz, M.J. (consent)

**ORDER**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 16). The Commissioner has not filed any opposition to plaintiff's motion.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for

the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

2

Here, the fee of $9697.25 requested by plaintiff falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable.[1] *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable based on the Court's prior award of attorney fees under the Equal Access to Justice Act. (Doc. 16 at 3, citing Docs. 14, 15).[2] Plaintiff has submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (*Id*. at 7). Plaintiff has also submitted itemized billing sheets demonstrating that her attorney performed a total of 29.5 hours of work on the case in the District Court. (*Id*. at 5-6). Plaintiff therefore requests that the Court award fees in the amount of $9697.25. (*Id*. at 3). Plaintiff asserts that upon counsel's receipt of the § 406(b) fees requested in the instant motion, counsel will remit to plaintiff the $5250.00 in fees previously awarded to counsel under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*Id*., citing Doc. 15). As stated above, the Commissioner has not filed any opposition to the fee request.

Dividing the requested fee of $9697.25 by the 29.5 hours counsel worked on this case before the Court produces a hypothetical hourly fee of $328.72. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount

---

[1] This Court reversed the non-disability finding of the Administrative Law Judge and found that plaintiff was entitled to Disabled Widow's benefits for the closed period of October 27, 2002, through July 15, 2006. *See* Doc. 11 at 15. The Social Security Administration withheld $9,697.25 for attorney fees – 25% of plaintiff's past due benefits. *See* Doc. 16 at 9.

[2] The Court previously awarded plaintiff attorney fees in the amount of $5,250.00 for 29.5 hours of attorney work, which represents an hourly fee of $177.97, based on the parties' joint stipulation. *See* Docs. 13, 14, 15.

3

of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.*

In this case, the hypothetical hourly rate of $328.72 is less than counsel's standard hourly rate of $350.00[3] and is therefore reasonable. Thus, the requested fee does not constitute a windfall to plaintiff's counsel. Moreover, counsel achieved an excellent result in this case. Plaintiff represents that counsel will remit the EAJA fee of $5,250.00 awarded by the District Court to plaintiff upon receipt of the 406(b) award as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be refunded to the client). (Doc. 16 at 3). In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $9,697.25 is reasonable for the work plaintiff's counsel performed in this Court. Counsel is therefore be awarded $9,697.25 in fees under § 406(b)(1)(A).

Accordingly, plaintiff's §406(b) motion for attorney fees (Doc. 16) is **GRANTED** and the Commissioner is directed to pay plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $9,697.25. Plaintiff's counsel shall refund the $5,250.00 EAJA fee to plaintiff forthwith.

**IT IS SO ORDERED.**

Date: 6/19/15

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Counsel for plaintiff attests that his hourly rate for work done on Social Security cases is $350.00. *See* Doc. 16 at 13.

4